UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No. 2:21-CR-0171-TOR |
|---|---|
| Plaintiff, | STIPULATED PROTECTIVE ORDER REGARDING COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND |
| v. | |
| SCOTT ELLIOT STERKEL, | |
| Defendant. | |

BEFORE THE COURT is the parties' Stipulated Motion for Protective Order

GOOD CAUSE HAVING BEEN SHOWN, the Court hereby ORDERS that the Stipulation Regarding Computer Forensic Review Procedures For Child Pornography Contraband. ECF No. 16. The motion was submitted for hearing without oral argument and on an expedited basis. Having reviewed the record and the files therein, the Court is fully informed. Pursuant to the parties' stipulation and for good cause having been shown, the motion is **GRANTED**.

1. IT IS ORDERED that 18 U.S.C. § 3509(m) applies to this case, and the Court is required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to Defendant and provides an ample opportunity for the defense to examine it at a government facility. *See* 18 U.S.C. § 3509(m).

2. IT IS FURTHER ORDERED that, in order to comply with 18 U.S.C.

PROTECTIVE ORDER RE: CHILD PORNOGRAPHY FORENSIC REVIEW - 1

§ 3509(m), and to allow Defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the government will make a true forensic extraction and/or image of devices and media containing alleged child pornography contraband at issue in the above-referenced case. The government will make that forensic extraction and/or image reasonably available to Defendant and provide ample opportunity for the defense team to examine it at a government facility in Spokane, Washington. The parties may readdress the Court if there is a need for additional or after-hours access during the course of litigation in the event trial or motion hearings require additional forensic review.

      3.    IT IS FURTHER ORDERED that the defense forensic examination will be conducted in an interview room monitored by closed-circuit television ("CC-TV"), without audio feed. While the TV with non-audio feed will ensure the integrity of FBI/HSI space and security of its occupants, the video feed is not of sufficient detail or at an angle that would reveal defense strategy. The government and its agents expressly agree that no attempt will be made to record any audio from the workstation and that no attempt will be made to observe the defense team's work product or computer monitor screen at any time. The defense expert may review the feed to ensure that defense strategy is not being compromised at any time while conducting the forensic review.

      4.    IT IS FURTHER ORDERED that the defense team[1] shall not make, nor permit to be made, any copies of the alleged child pornography contraband pursuant to this Protective Order and shall not remove any contraband images from the government facility. The defense expert will be allowed to copy any file that is not contraband and compile a report (without contraband images/videos) documenting the examination on removable media at the discretion of the defense expert.

      5.    IT IS FURTHER ORDERED that the designated defense expert will leave at

---

[1] For purposes of this Protective Order, the term "defense team" refers solely to Defendant's counsel of record, Roger Peven ("defense counsel"), Defendant's designated expert ("defense expert"), and a defense investigator.

PROTECTIVE ORDER RE: CHILD PORNOGRAPHY FORENSIC REVIEW - 2

the government facility any equipment, including hard drives, which contain child pornography contraband that is identified during forensic evaluation. The parties may readdress this matter with the Court upon notice that the defense intends to retain a different defense expert.

6. IT IS FURTHER ORDERED that for the purpose of trial, the government agrees to make available a digital copy of any government trial exhibit that contains contraband, which will be kept in the custody and control of the case agent. Upon reasonable notice by the defense, the case agent will also maintain for trial digital copies of any proposed defense exhibit that contains contraband. If the defense team intends to offer, publish, or otherwise utilize any government or defense exhibit contained on the digital copy maintained by the case agent during trial, the case agent shall assist the defense team in publishing or utilizing the exhibit that contains contraband upon notification by the defense team.

IT IS SO ORDERED. The Clerk shall enter this Order and provide copies to counsel.

Dated January 3, 2022.



THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER RE: CHILD PORNOGRAPHY FORENSIC REVIEW - 3